POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Movants*
*and Proposed Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVEN DOHERTY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PIVOTAL SOFTWARE, INC., ROBERT MEE, and CYNTHIA GAYLOR,<br><br>Defendants. | Case No.: 3:19-cv-03589-CRB<br><br>MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF THE TECH TRADER FUND LP AND STEVEN DOHERTY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL, AND (2) IN OPPOSITION TO COMPETING MOTIONS<br><br>CLASS ACTION<br><br>Date:  September 27, 2019<br>Time:  10:00 a.m.<br>Judge:  Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor |

| MIKEBEB M. ABERA, Individually and on Behalf of All Others Similarly Situated, | Case No.: 4:19-cv-03601-HSG |
|---|---|
| Plaintiff, | CLASS ACTION |
| v. | |
| PIVOTAL SOFTWARE, INC.; ROBERT MEE; CYNTHIA GAYLOR; PAUL MARITZ; MICHAEL S. DELL; ZANE ROWE; EGON DURBAN; WILLIAM D. GREEN; MARCY S. KLEVORN; KHOZEMA Z. SHIPCHANDLER; MORGAN STANLEY & CO. LLC; GOLDMAN SACHS & CO. LLC; CITIGROUP GLOBAL MARKETS INC.; MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED; BARCLAYS CAPITAL INC.; CREDIT SUISSE SECURITIES (USA) LLC; RBC CAPITAL MARKETS, LLC; UBS SECURITIES LLC; WELLS FARGO SECURITIES, LLC; KEYBANC CAPITAL MARKETS INC.; WILLIAM BLAIR & COMPANY, LLC; MISCHLER FINANCIAL GROUP, INC.; SAMUEL A. RAMIREZ & COMPANY, INC.; SIEBERT CISNEROS SHANK & CO.; LLC; and WILLIAMS CAPITAL GROUP, L.P., | |
| Defendants. | |

MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF THE TECH TRADER FUND LP AND STEVEN DOHERTY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL, AND (2) IN OPPOSITION TO COMPETING MOTIONS - 3:19-cv-03589-CRB; 4:19-cv-03601-HSG; 3:19-cv-03605-RS

| PETER KLEINMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No.: 3:19-cv-03605-RS |
|---|---|
| Plaintiff, | |
| v. | CLASS ACTION |
| PIVOTAL SOFTWARE, INC.; ROBERT MEE; CYNTHIA GAYLOR; PAUL MARITZ; MICHAEL S. DELL; ZANE ROWE; EGON DURBAN; WILLIAM D. GREEN; MARCY S. KLEVORN; KHOZEMA Z. SHIPCHANDLER; MORGAN STANLEY & CO. LLC; GOLDMAN SACHS & CO. LLC; CITIGROUP GLOBAL MARKETS INC.; MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED.; BARCLAYS CAPITAL INC.; CREDIT SUISSE SECURITIES (USA) LLC; RBC CAPITAL MARKETS, LLC; UBS SECURITIES LLC; WELLS FARGO SECURITIES, LLC; KEYBANC CAPITAL MARKETS INC.; WILLIAM BLAIR & COMPANY, L.L.C.; MISCHLER FINANCIAL GROUP, INC.; SAMUEL A. RAMIREZ & COMPANY, INC.; SIEBERT CISNEROS SHANK & CO., L.L.C.; and WILLIAMS CAPITAL GROUP, L.P., | |
| Defendants. | |

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT.................................................................................................1

ARGUMENT ..........................................................................................................................3

I.      THE PIVOTAL INVESTOR GROUP SHOULD BE APPOINTED LEAD
        PLAINTIFF ...............................................................................................................3

                    A.      The Pivotal Investor Group Possesses The Greatest Financial Interest In
                            This Litigation ..................................................................................4

                    B.      The Pivotal Investor Group Is An Appropriate Group ...........................5

                    C.      The Pivotal Investor Group Satisfies The Requirements Of Rule 23 ........9

II.     THE PSLRA DOES NOT PRIVILEGE INSTITUTIONAL INVESTORS OVER
        INDIVIDUALS ........................................................................................................11

III.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ........13

IV.     CONCLUSION.........................................................................................................13

## TABLE OF AUTHORITIES

**Page(s)**

<u>**Cases**</u>

*Applestein v. Medivation, Inc.*, No. C 10-00998 MHP,
    2010 U.S. Dist. LEXIS 98255 (N.D. Cal. Sep. 17, 2010) ......................................................5

*Aronson v. McKesson HBOC, Inc.*,
    79 F. Supp. 2d 1146 (N.D. Cal. Nov. 2, 1999)..................................................................10

*Barnet v. Elan Corp., PLC*,
    236 F.R.D. 158 (S.D.N.Y. 2005)........................................................................................6

*Beck v. Maximus, Inc.*,
    457 F.3d 291 (3d Cir. 2006)...............................................................................................2

*Beckman v. Ener1, Inc.*, 11 Civ. 5794 (PAC) *et al.*,
    2012 U.S. Dist. LEXIS 19972 (S.D.N.Y. Feb. 15, 2012) ..................................................9

*Brady v. Top Ships Inc.*, No. 17-CV-4987 (JFB) (SIL),
    2018 U.S. Dist. LEXIS 121765 (E.D.N.Y. July 20, 2018) ................................................7

*China Agritech, Inc. v. Resh*,
    138 S. Ct. 1800 (2018).................................................................................................2, 6

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK,
    2012 U.S. Dist. LEXIS 2776 (N.D. Cal. Jan. 9, 2012) ......................................................4

*Eichenholtz v. Verifone Holdings, Inc.*, No. C 07-06140 MHP,
    2008 U.S. Dist. LEXIS 64633 (N.D. Cal. Aug. 22, 2008)..............................................2, 4

*Ferrari v. Gisch*,
    225 F.R.D. 599 (C.D. Cal. 2004)........................................................................................6

*Goldstein v. Puda Coal, Inc.*,
    827 F. Supp. 2d 348 (S.D.N.Y. 2011) ................................................................................8

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir.1992)...............................................................................................2

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 04-cv-0265,
    2004 U.S. Dist. LEXIS 10200 (E.D. Pa. June 3, 2004) ...................................................11

*In re Apollo Grp. Sec. Litig.*, Nos. CV 04-2204-PHX-EHC *et al.*,
    2005 U.S. Dist. LEXIS 32801 (D. Ariz. Apr. 14, 2005)...................................................10

MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF THE TECH TRADER FUND LP AND STEVEN DOHERTY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL, AND (2) IN OPPOSITION TO COMPETING MOTIONS - 3:19-cv-03589-CRB; 4:19-cv-03601-HSG; 3:19-cv-03605-RS

*In re Blue Apron Holdings, Inc. Sec. Litig.*, 17-CV-4846 (WFK) (PK),
2017 U.S. Dist. LEXIS 207531 (E.D.N.Y. Dec. 15, 2017) ...............................................7, 8

*In re CMED Sec. Litig.*, 11 Civ. 9297 (KBF),
2012 U.S. Dist. LEXIS 47785 (S.D.N.Y. Apr. 2, 2012)...................................................................9

*In re Comverse Tech., Inc. Sec. Litig.*, 06-CV-1825 (NGG)(RER),
2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) .........................................................4

*In re Goodyear Tire & Rubber Co. Sec. Litig.*, Case No. 5:03CV2166,
2004 U.S. Dist. LEXIS 27043 (N.D. Ohio May 12, 2004)......................................................4

*In re Sequans Communs. S.A. Sec. Litig.*,
289 F. Supp. 3d 416 (E.D.N.Y. 2018) ...............................................................................12

*In re Texlon Corp. Secs. Litig.*,
67 F. Supp. 2d 803 (N.D. Ohio 1999)................................................................................12

*In re Versata, Inc.*, Nos. C 01-1439 SI *et al.*,
2001 U.S. Dist. LEXIS 24270 (N.D. Cal. Aug. 17, 2001)......................................................6

*In re Vicuron Pharms., Inc. Sec. Litig.*,
225 F.R.D. 508 (E.D. Pa. 2004) ........................................................................................4

*Kukkadapu v. Embraer S.A.*, 16 Civ. 6277 (RMB),
2016 U.S. Dist. LEXIS 153452 (S.D.N.Y. Oct. 20, 2016) ....................................................8

*Lax v. First Merchants Acceptance Corp.*, Case No. 97 C 2716,
1997 WL 461036 (N.D. Ill. 1997) .....................................................................................4

*Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*,
2013 U.S. Dist. LEXIS 29876 (N.D. Cal. Mar. 4, 2013).......................................................2

*Osher v. Guess ?, Inc.*, CV 01-00871 LGB (RNBx),
2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ....................................................13

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*,
229 F.R.D. 395 (S.D.N.Y. 2004)........................................................................................6

*Reiger v. Altris Software, Inc.*, 98-cv-0528 (JFS),
1998 U.S. Dist. LEXIS 14705 (S.D. Cal. Sept. 11, 1998) ...............................................3, 12

*Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-cv-289,
2012 U.S. Dist. LEXIS 89192 (D. Vt. Apr. 27, 2012).........................................................7

*Robb v. Fitbit Inc.*, No. 16-cv-00151-SI,
2016 U.S. Dist. LEXIS 62457 (N.D. Cal. May 10, 2016) .........................................4, 7, 8

iii

MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF THE TECH TRADER FUND LP AND STEVEN DOHERTY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL, AND (2) IN OPPOSITION TO COMPETING MOTIONS - 3:19-cv-03589-CRB; 4:19-cv-03601-HSG; 3:19-cv-03605-RS

*Rosian v. Magnum Hunter Res. Corp.*, 13 Civ. 2668 (KBF) *et al.*,
    2013 U.S. Dist. LEXIS 146236 (S.D.N.Y. Oct. 7, 2013) .......................................................9

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ...............................................................................................2

*Takara Trust v. Molex, Inc.*,
    229 F.R.D. 577 (N.D. Ill. 2005) ...........................................................................................4

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) ..........................................................................................6

*West Palm Beach Police Pension Fund v. DFC Global Corp.*, No. 13-6731,
    2014 U.S. Dist. LEXIS 49595 (E.D. Pa. Apr. 9, 2014) ........................................................7

## **Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) .................................................................................*passim*

## **Rules**

Federal Rules of Civil Procedure Rule 23 ...........................................................................*passim*

MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF THE TECH TRADER FUND LP AND STEVEN DOHERTY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL, AND (2) IN OPPOSITION TO COMPETING MOTIONS - 3:19-cv-03589-CRB; 4:19-cv-03601-HSG; 3:19-cv-03605-RS

Movant the Pivotal Investor Group[1] respectfully submits this memorandum of points and authorities in further support of its motion, pursuant to the PSLRA, for consolidation of the Related Actions, appointment as Lead Plaintiff, and approval of its selection of Pomerantz as Lead Counsel (Dkt. No. 29), and in opposition to the competing motions of (i) Oklahoma City Employee Retirement System ("OKCERS") and Police Retirement System of St. Louis ("St. Louis Police" and, collectively with OKCERS, the "Retirement Systems") (Dkt. No. 21); (ii) Vasant Punjabi ("Punjabi") (Dkt. No. 11); and (iii) Mary Anderson ("Anderson") (Dkt. No. 16).[2]

**PRELIMINARY STATEMENT**

The Related Actions allege violations of the federal securities laws by Pivotal, certain of the Company's officers and directors, and the underwriters of Pivotal's IPO.  As with all federal class action securities fraud lawsuits, a lead plaintiff must be appointed.  The PSLRA governs that process and, pursuant to the PSLRA, the Court should appoint as Lead Plaintiff the movant or movants with the greatest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, that movant is the Pivotal Investor Group, a cohesive partnership of two investors who incurred aggregate losses of more than $590,000 in connection with their purchases of Pivotal securities—significantly more than the losses incurred by any competing movant, and more than the aggregate losses of all other movants ***combined***.  The table below sets forth the Pivotal Investor Group's losses compared to those of the other movants:

---

[1] All capitalized terms herein are defined in the Pivotal Investor Group's moving brief, unless otherwise indicated. *See* Dkt. No. 29.

[2] Another putative Class member, Dana Penza ("Penza"), initially filed a similar competing motion. Dkt. No. 7. On August 28, 2019, Penza filed a notice of withdrawal of his motion, stating that "having reviewed the competing motions filed in the action, [Penza] does not appear to have the largest financial interest." Dkt. No. 35.

MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF THE TECH TRADER FUND LP AND STEVEN DOHERTY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL, AND (2) IN OPPOSITION TO COMPETING MOTIONS - 3:19-cv-03589-CRB; 4:19-cv-03601-HSG; 3:19-cv-03605-RS

| Movant | Loss | Retained Shares |
|---|---|---|
| Pivotal Investor Group | $592,641 | 64,089 |
| *The Tech Trader Fund LP* | *$405,738* | *51,114* |
| *Steven Doherty* | *$186,903* | *12,975* |
| Retirement Funds | $254,933 | 20,970 |
| *OKCERS* | *$164,740* | *12,400* |
| *St. Louis Police* | *$90,193* | *8,570* |
| Punjabi | $146,398 | 12,582 |
| Anderson | $135,268 | 17,375 |

Having incurred a loss of $592,641 and having retained 64,089 shares of Pivotal stock at the end of the Class Period, the Pivotal Investor Group has the greatest financial interest within the meaning of the PSLRA of any putative Class member eligible for appointment as Lead Plaintiff. *See*, *e.g.*, *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876, at *18 (N.D. Cal. Mar. 4, 2013); *Eichenholtz v. Verifone Holdings, Inc.*, No. C 07-06140 MHP, 2008 U.S. Dist. LEXIS 64633, at *10-*11 (N.D. Cal. Aug. 22, 2008).

In addition, the Pivotal Investor Group satisfies the adequacy and typicality requirements of Rule 23. The Pivotal Investor Group's claims are based on the same legal theory, and arise from the same events and course of conduct as the Class claims. *See*, *e.g.*, *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.1992); *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006). There is no antagonism between the interests of the Pivotal Investor Group and those of the Class; its losses demonstrate that the group has a sufficient interest in the outcome of this litigation; and, in Pomerantz, the Pivotal Investor Group has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). *See Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

Moreover, as a small and cohesive group consisting of only two investors, the Pivotal Investor Group is precisely the type of group the appointment of which is expressly permitted by the PSLRA, and was recently endorsed by the Supreme Court. *See*, *e.g.*, *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 n. 3 (2018) ("District courts often permit aggregation of

MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF THE TECH TRADER FUND LP AND STEVEN DOHERTY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL, AND (2) IN OPPOSITION TO COMPETING MOTIONS - 3:19-cv-03589-CRB; 4:19-cv-03601-HSG; 3:19-cv-03605-RS

plaintiffs into plaintiff groups."). The Pivotal Investor Group's members have submitted herewith a Joint Declaration attesting to, *inter alia*, their shared understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA and their preparedness to coordinate their efforts to prosecute this action diligently on behalf of the Class. *See* Declaration of Jennifer Pafiti in Further Support of Motion and in Opposition to Competing Motions ("Pafiti Opp. Decl."), Ex. A.

Finally, anticipating a potential argument by the Retirement Systems—namely, that the legislative history of the PSLRA evinces a Congressional preference that institutional investors, rather than individuals, serve as lead plaintiffs in PSLRA actions, the Pivotal Investor Group respectfully submits that the PSLRA does not so much as mention, let alone privilege, institutional investors. *See Reiger v. Altris Software, Inc.*, 98-cv-0528 (JFS), 1998 U.S. Dist. LEXIS 14705, at *14 (S.D. Cal. Sept. 11, 1998) ("If Congress had intended to restrict the application of the rebuttable presumption to institutional investors, it could have stated such in the statute."). Rather, the statute unambiguously instructs the Court to appoint the movant or movants with the greatest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Here, that movant is the Pivotal Investor Group, and the Retirement Systems' status as institutional investors cannot relieve it of the obligation to satisfy those clearly stated statutory criteria.

For the reasons set forth herein, the Pivotal Investor Group respectfully submits that its motion should be granted in its entirety.

## ARGUMENT

### I.   THE PIVOTAL INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

### A. The Pivotal Investor Group Possesses The Greatest Financial Interest In This Litigation

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest" (*In re Goodyear Tire & Rubber Co. Sec. Litig.*, Case No. 5:03CV2166, 2004 U.S. Dist. LEXIS 27043, at *16 (N.D. Ohio May 12, 2004)), courts in the Ninth Circuit and around the country recognize that the amount of financial loss is the most significant factor to be considered. *See*, *e.g.*, *Robb v. Fitbit Inc.*, No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *9 (N.D. Cal. May 10, 2016) (the "most important Olsten-Lax factor is the financial loss suffered."); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK, 2012 U.S. Dist. LEXIS 2776, at *10-*11 (N.D. Cal. Jan. 9, 2012) (same); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) (finding the amount of the financial loss "the most significant" factor); *In re Comverse Tech., Inc. Sec. Litig.*, 06-CV-1825 (NGG)(RER), 2007 U.S. Dist. LEXIS 14878, at *8 (E.D.N.Y. Mar. 2, 2007) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period to be most influential in identifying the plaintiff with the largest financial interest"); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("most courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

Second to financial loss, courts frequently consider net shares purchased during the class period (*i.e.*, retained shares) as another measure of financial interest. *See*, *e.g.*, *Lax v. First Merchants Acceptance Corp.*, Case No. 97 C 2716, 1997 WL 461036, at *5 (N.D. Ill. 1997) (considering net shares purchased (*i.e.*, retained shares) alongside net loss in assessing financial interest); *Eichenholtz*, 2008 U.S. Dist. LEXIS 64633, at *10-*11 ("When calculating the greatest financial interest, the court adopts the retained share methodology, which primarily

MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF THE TECH TRADER FUND LP AND STEVEN DOHERTY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL, AND (2) IN OPPOSITION TO COMPETING MOTIONS - 3:19-cv-03589-CRB; 4:19-cv-03601-HSG; 3:19-cv-03605-RS

looks to shares bought during the class period that are retained at the end of the class period."); *Applestein v. Medivation, Inc.*, No. C 10-00998 MHP, 2010 U.S. Dist. LEXIS 98255, at \*6 (N.D. Cal. Sep. 17, 2010) (same).

Under either of the foregoing analyses, the Pivotal Investor Group possesses the largest financial interest in the litigation. The following chart compares the Pivotal Investor Group to the other movant seeking appointment as Lead Plaintiff:

| Movant | Loss | Retained Shares |
|---|---|---|
| Pivotal Investor Group | $592,641 | 64,089 |
| *The Tech Trader Fund LP* | *$405,738* | *51,114* |
| *Steven Doherty* | *$186,903* | *12,975* |
| Retirement Funds | $254,933 | 20,970 |
| *OKCERS* | *$164,740* | *12,400* |
| *St. Louis Police* | *$90,193* | *8,570* |
| Punjabi | $146,398 | 12,582 |
| Anderson | $135,268 | 17,375 |

As the chart illustrates, the Pivotal Investor Group plainly has the largest financial interest in this litigation. Its loss of $592,641 incurred in connection with the alleged fraud is not only greater than that of any competing movant, it is also greater than the losses of all competing movants ***combined***. Likewise, the Pivotal Investor Group retained 64,089 shares of Pivotal stock at the end of the Class Period, significantly more than any other movant. In addition, one member of the group, The Tech Trader Fund LP ("Tech Trader"), individually incurred a greater loss and retained more shares than any competing movant.

**B.     The Pivotal Investor Group Is An Appropriate Group**

The Pivotal Investor Group is an appropriate group, and as such the Court should consider the group's financial interest in this litigation in determining the most adequate plaintiff for the Class. The Supreme Court, as well as courts in this Judicial District, the Ninth Circuit, and the majority of the courts throughout the country have made clear that a group of investors—such as the Pivotal Investor Group—is an appropriate Lead Plaintiff under the

MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF THE TECH TRADER FUND LP AND STEVEN DOHERTY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL, AND (2) IN OPPOSITION TO COMPETING MOTIONS - 3:19-cv-03589-CRB; 4:19-cv-03601-HSG; 3:19-cv-03605-RS

express terms of the PSLRA. *See*, *e.g.*, *China Agritech*, 138 S. Ct. at 1807 n.3 (2018) ("District courts often permit aggregation of plaintiffs into plaintiff groups."); *In re Versata, Inc.,* Nos. C 01-1439 SI *et al.*, 2001 U.S. Dist. LEXIS 24270, at *22 (N.D. Cal. Aug. 17, 2001) ("under appropriate circumstances small groups, whether or not they have any pre-litigation relationship, can aggregate their financial losses."); *Ferrari v. Gisch,* 225 F.R.D. 599, 609 (C.D. Cal. 2004) (finding a group of three investors constituted an appropriate lead plaintiff group); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding that "there can be no doubt" that the PSLRA permits appointment of groups and appointing group consisting of six members with the largest financial interest as lead plaintiff); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA" and finding that a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 421 (S.D.N.Y. 2004) (appointing two investors with greatest financial interest in the litigation as co-lead plaintiffs).

Here, the group is a small and cohesive partnership consisting of only two investors—Tech Trader and Steven Doherty—each of which incurred significant losses in connection with Class Period purchases of Pivotal securities. *See* Dkt. Nos. 30-1, 30-3. Moreover, the group's members have communicated with one another to discuss the action and have submitted a Joint Declaration attesting, *inter alia*, to the following:

- their strategy for prosecuting this case;

- their reasons for seeking appointment as a group;

- their common goals in ensuring that the Class achieves the best possible result, and that this action is litigated as efficiently as possible; and

- the steps that the Pivotal Investor Group's members will take to ensure that the Class's claims will be zealously and efficiently litigated.

6

*See* Pafifti Decl., Ex. A at ¶¶ 4-6.  In addition, the Pivotal Investor Group's members understand and appreciate the obligations of a Lead Plaintiff under the PSLRA, and have agreed on a mechanism to resolve any disagreements among the group with respect to litigation decisions. *Id.* at ¶ 5.  Courts routinely appoint investor groups as lead plaintiffs under such circumstances. *See, e.g.*, *Fitbit*, 2016 U.S. Dist. LEXIS 62457, at *13-*14; *In re Blue Apron Holdings, Inc. Sec. Litig.*, 17-CV-4846 (WFK) (PK), 2017 U.S. Dist. LEXIS 207531, at *17 (E.D.N.Y. Dec. 15, 2017) (appointing group of four unrelated investors that submitted declaration attesting "it is prepared to work cooperatively to serve the best interests of the class," and finding that the group is not "so large as to be unwieldy and impracticable"); *Brady v. Top Ships Inc.*, No. 17-CV-4987 (JFB) (SIL), 2018 U.S. Dist. LEXIS 121765, at *20 (E.D.N.Y. July 20, 2018) (appointing group of three investors as lead plaintiff, finding the group "sufficiently demonstrated its members' plans for cooperation and involvement in the litigation for the Court to find this group will best serve the class."); *West Palm Beach Police Pension Fund v. DFC Global Corp.*, No. 13-6731, 2014 U.S. Dist. LEXIS 49595, at *7 (E.D. Pa. Apr. 9, 2014) (appointing group and noting "declaration lay[ing] out the duties and obligations of" the group's members); *La. Mun. Police Emps.' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-cv-289, 2012 U.S. Dist. LEXIS 89192, at *11 (D. Vt. Apr. 27, 2012) (finding a joint declaration "sufficient to assure the Court that the [lead] plaintiffs will effectively manage the litigation").

Indeed, the Retirement Systems have already acknowledged that such Joint Declarations suffice to demonstrate a movant group's cohesiveness, having submitted such a Joint Declaration themselves for the same purpose with their motion papers. Dkt. No. 22-4. Like the Pivotal Investor Group's Joint Declaration, the Retirement Systems' Joint Declaration attests to its members' reasons for seeking appointment as a group, their common goals, the steps that they will take to supervise counsel, and their understanding of the obligations of a lead plaintiff appointed pursuant to the PSLRA. *See generally id.* Accordingly, the Pivotal Investor Group

respectfully submits that it has made an identical showing as the Retirement Systems as to its appropriateness as a group—and thus that any arguments posited by the Retirement Systems against the appointment of the Pivotal Investor Group on this purported basis would weigh equally against the appointment of the Retirement System.

Anticipating another potential argument by competing movants—namely, that the Pivotal Investor Group's submission of its Joint Declaration with its opposition papers rather than at the time the group filed its motion precludes its consideration—the Pivotal Investor Group respectfully submits that the PSLRA itself does not contain any requirement to file any sworn statement other than a certification within the 60-day timeframe.  Moreover, courts in the Ninth Circuit and elsewhere routinely accept group declarations filed *after* lead plaintiff motions as evidence of cohesiveness.  *See, e.g., Fitbit*, 2016 U.S. Dist. LEXIS 62457, at \*14-\*15 n.7 ("As to the timeliness of Fitbit Investor Group's joint declaration, the Court finds no reason to exclude Fitbit Investor Group's joint declaration filed in support of its opposition."); *Blue Apron*, 2017 U.S. Dist. LEXIS 207531, at \*13 ("the timing of [a joint declaration's] submission is too thin a reed for this decision to turn on"); *Goldstein v. Puda Coal, Inc.,* 827 F. Supp. 2d 348, 356 (S.D.N.Y. 2011) (although declarations "were not submitted when their motion to appoint lead plaintiff was first filed, all three members of the Querub Group have now submitted sworn declarations").

In light of its cohesiveness and its members' willingness and ability to work effectively and efficiently together for the benefit of the Class, the Pivotal Investor Group's financial interest should be considered in the aggregate.

In the alternative, if the Court is not inclined to aggregate the losses of the Pivotal Investor Group's members, rejecting their applications *in toto* is not the appropriate remedy; rather, the Court should disaggregate their losses and consider each movant individually.  *See, e.g., Kukkadapu v. Embraer S.A.*, 16 Civ. 6277 (RMB), 2016 U.S. Dist. LEXIS 153452

MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF THE TECH TRADER FUND LP AND STEVEN DOHERTY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL, AND (2) IN OPPOSITION TO COMPETING MOTIONS - 3:19-cv-03589-CRB; 4:19-cv-03601-HSG; 3:19-cv-03605-RS

(S.D.N.Y. Oct. 20, 2016), at *6 ("consider[ing] the larger shareholder (i.e. loss) of [two movants jointly seeking appointment as lead plaintiff] as if it had moved to be appointed as lead plaintiff alone" and appointing that investor as the sole lead plaintiff for the class); *Rosian v. Magnum Hunter Res. Corp.*, 13 Civ. 2668 (KBF) *et al.*, 2013 U.S. Dist. LEXIS 146236, at *13 (S.D.N.Y. Oct. 7, 2013) ("disaggregat[ing] the group *sua sponte* and consider[ing] its members as individual contenders for lead plaintiff"); *Beckman v. Ener1, Inc.*, 11 Civ. 5794 (PAC) *et al.*, 2012 U.S. Dist. LEXIS 19972, at *12 (S.D.N.Y. Feb. 15, 2012) (same); *In re CMED Sec. Litig.*, 11 Civ. 9297 (KBF), 2012 U.S. Dist. LEXIS 47785, at *8 (S.D.N.Y. Apr. 2, 2012) (same). Here, Tech Trader is willing to serve as Lead Plaintiff individually, and having suffered a loss of approximately $405,738 in connection with the fraud alleged in this action and retaining 51,114 shares of Pivotal stock at the end of the Class Period, Tech Trader plainly has a greater financial interest in the litigation than any individual investor (and indeed, still more than even the Retirement Funds' aggregate loss).

### C.     The Pivotal Investor Group Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, the Pivotal Investor Group has also made a *prima facie* showing sufficient to satisfy the typicality and adequacy requirements of Rule 23.  To overcome the strong presumption entitling the Pivotal Investor Group to appointment as Lead Plaintiff, the PSLRA requires **"*proof*"** that the presumptive Lead Plaintiff is inadequate.   15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).  No such proof exists in this case and any arguments to the contrary should be flatly rejected.

Anticipating a potential query regarding its adequacy, the Pivotal Investor Group notes that Steven Doherty's shareholder Certification submitted with the complaint filed on his behalf (Dkt. No. 1-1) (the "Complaint Certification") appends a schedule of transactions in Pivotal securities which differs from the schedule of transactions appended to his Certification

MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF THE TECH TRADER FUND LP AND STEVEN DOHERTY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL, AND (2) IN OPPOSITION TO COMPETING MOTIONS - 3:19-cv-03589-CRB; 4:19-cv-03601-HSG; 3:19-cv-03605-RS

submitted with the Pivotal Investor Group's Lead Plaintiff motion (Dkt. No. 30-3 at *6-*14) (the "Motion Certification"). After Mr. Doherty executed his Complaint Certification, the operative Class Period expanded from that contemplated by Mr. Doherty and his counsel at the time of execution. Mr. Doherty was made aware of the expanded Class Period, and accordingly provided his counsel with additional information regarding his trades within the new Class Period and reiterated his approval for the filing of a motion on his behalf for appointment as a Lead Plaintiff in this litigation. Accordingly, a schedule reflecting transactions in Pivotal stock within the new operative Class Period was appended to his original Complaint Certification, and submitted with the Pivotal Investor Group's Lead Plaintiff motion as Mr. Doherty's Motion Certification.

The Pivotal Investor Group respectfully submits that any perceived deficiencies in Mr. Doherty's Motion Certification have no bearing on his adequacy, because the PSLRA contains no requirement that a lead plaintiff movant submit any shareholder certification whatsoever. Rather, the certification requirement applies only to members of the putative class who file complaints: "Each *plaintiff* seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such *plaintiff* and *filed with the complaint*." 15 U.S.C. § 78u-4(a)(2)(A) (emphases added). Courts in the Ninth Circuit have likewise held that only plaintiffs, not lead plaintiff movants, are required to file shareholder certifications in PSLRA actions. *See Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1155 (N.D. Cal. Nov. 2, 1999) (finding movant "not barred for mere failure to file a certification", noting "[i]t seems strained to recast the words 'filed with the complaint' to mean 'filed with the complaint or motion.'"); *In re Apollo Grp. Sec. Litig.*, Nos. CV 04-2204-PHX-EHC *et al.*, 2005 U.S. Dist. LEXIS 32801, at *1 (D. Ariz. Apr. 14, 2005) ("The Court finds that the certification requirement clearly applies only to plaintiffs who file complaints."). Nevertheless, in the interest of allaying any possible concerns regarding its adequacy, the

10

Pivotal Investor Group submits herewith a revised shareholder Certification, executed by Mr. Doherty on August 23, 2019, attesting that the transactions in Pivotal securities appended thereto indeed represent all of his transactions in Pivotal securities during the relevant Class Period. *See* Pafiti Opp. Decl., Ex. B.

The Pivotal Investor Group has further demonstrated its adequacy by selecting Pomerantz—counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently—to serve as Lead Counsel for the Class.

\* \* \* \* \*

Because the Pivotal Investor Group has the largest financial interest in the relief sought by the Class and otherwise satisfies the requirements of Rule 23, the Court should appoint the group as Lead Plaintiff.

## II. THE PSLRA DOES NOT PRIVILEGE INSTITUTIONAL INVESTORS OVER INDIVIDUALS

Anticipating a potential argument by the Retirement Systems, the Pivotal Investor Group respectfully submits that the clear language of the PSLRA does not mention, much less privilege, institutional investors. *See In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 04-cv-0265, 2004 U.S. Dist. LEXIS 10200, at *7 (E.D. Pa. June 3, 2004) ("The language of the [PSLRA] does not require that institutional investors take precedence over individual plaintiffs who are otherwise qualified to serve in a lead capacity."). While there is no dispute in the congressional record that Congress hoped that institutional investors would seek appointment as lead plaintiffs, Congress did not make such an aspiration a basis in the text of the PSLRA to deny lead plaintiff status to individuals that had larger losses than institutional investors. Courts that have addressed this issue directly have held that:

> The institutional investor is not presumptively the most adequate plaintiff solely by virtue of its status as an institutional investor, however. If that were the case,

11

MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF THE TECH TRADER FUND LP AND STEVEN DOHERTY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL, AND (2) IN OPPOSITION TO COMPETING MOTIONS - 3:19-cv-03589-CRB; 4:19-cv-03601-HSG; 3:19-cv-03605-RS

> Congress would have simply provided that institutional investors are presumptively the most adequate plaintiffs regardless of the size of financial loss and saved the Court from the need to engage in the very analysis it undertakes here. Instead, Congress chose to use the size of financial loss as the initial proxy for determining whether a particular plaintiff would be the "most adequate plaintiff."

*In re Texlon Corp. Secs. Litig.*, 67 F. Supp. 2d 803, 820-22 (N.D. Ohio 1999) (citations omitted). *See also Reiger v. Altris Software, Inc.*, 98-cv-0528 (JFS), 1998 U.S. Dist. LEXIS 14705, at *14 (S.D. Cal. Sept. 11, 1998) ("If Congress had intended to restrict the application of the rebuttable presumption to institutional investors, it could have stated such in the statute.").

The Eastern District of New York's recent decision in *In re Sequans Communs. S.A. Sec. Litig.*, 289 F. Supp. 3d 416 (E.D.N.Y. 2018) is instructive. There, as here, the court faced competing motions filed by (1) a group of individuals alleging an aggregate loss of $144,271, and (2) the Boca Raton Police and Firefighters' Retirement System (the "Retirement System"), an institutional investor alleging a significantly smaller loss of $45,948. *Id.* at 421. The court roundly rejected the argument that, as an institutional investor, the Retirement System should be appointed over the group of individuals in clear contravention of the PSLRA, particularly given the significantly larger losses alleged by the group:

> It is true that several courts have found that the PSLRA's legislative history embodies a preference for institutional investors serving as lead plaintiffs. Whatever the merits of that position may be—the preference is not embodied in the statutory text in any respect—that preference has been "determinative" when an "institutional investor has a slightly lower loss than another potential lead plaintiff." But as discussed above, Retirement System does not have a "slightly lower" loss than Johal and McGee, and the Court rejects the contention (based on an analysis of all four Olsten factors) that the financial interests are comparable.

*Id.* at 422 (citations omitted). Here, as in *Sequans Communs.*, the differential between the competing movants' losses is considerable: the Pivotal Investor Group's alleged loss of $592,641 is more than twice the size of the $254,933 loss alleged by the Retirement Systems. *See* Dkt. Nos. 22-2, 30-1.

In sum, there is no basis in either the clear text of the PSLRA or in federal securities jurisprudence to appoint the Retirement Systems as Lead Plaintiffs rather than the Pivotal Investor Group simply because the Retirement Systems are institutional investors.

## III.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Osher v. Guess?, Inc.*, CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057, at \*15 (C.D. Cal. Apr. 26, 2001).

Here, the Pivotal Investor Group has selected Pomerantz as Lead Counsel for the Class. As the firm's resume reflects, Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. *See* Dkt. No. 30-4. Thus, the Court may be assured that by approving the selection of counsel by the Pivotal Investor Group, the members of the class will receive the best legal representation available.

## IV.   CONCLUSION

For the foregoing reasons, and for the reasons set forth in its moving brief (Dkt. No. 29), the Pivotal Investor Group respectfully requests that the Court issue an Order (i) consolidating the Related Actions, appointing the Pivotal Investor Group as Lead Plaintiff for the Class, and approving Pomerantz as Lead Counsel for the Class; and (ii) denying the competing motions of the Retirement Funds, Punjabi, and Anderson.

Dated:  September 3, 2019                          Respectfully submitted,

                                                   POMERANTZ LLP

                                                   */s/ Jennifer Pafiti*
                                                   Jennifer Pafiti (SBN 282790)

13

MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF THE TECH TRADER FUND LP AND STEVEN DOHERTY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL, AND (2) IN OPPOSITION TO COMPETING MOTIONS - 3:19-cv-03589-CRB; 4:19-cv-03601-HSG; 3:19-cv-03605-RS

1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice application forthcoming*)
J. Alexander Hood II
(*pro hac vice application forthcoming*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
(*pro hac vice application forthcoming*)
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

*Counsel for Lead Plaintiff Movants
and Proposed Lead Counsel for the Class*

MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF THE TECH TRADER FUND LP AND STEVEN DOHERTY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL, AND (2) IN OPPOSITION TO COMPETING MOTIONS - 3:19-cv-03589-CRB; 4:19-cv-03601-HSG; 3:19-cv-03605-RS

## **PROOF OF SERVICE**

I hereby certify that on September 3, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti

15

MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF THE TECH TRADER FUND LP AND STEVEN DOHERTY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL, AND (2) IN OPPOSITION TO COMPETING MOTIONS - 3:19-cv-03589-CRB; 4:19-cv-03601-HSG; 3:19-cv-03605-RS