James M. Wagstaffe (#95535)
Frank Busch (#258288)
**WAGSTAFFE, VON LOEWENFELDT,
BUSCH & RADWICK LLP**
100 Pine Street, Suite 725
San Francisco, California 94111
Telephone: (415) 357-8900
Facsimile: (415) 357-8910
wagstaffe@wvbrlaw.com
busch@wvbrlaw.com

*Proposed Liaison Counsel for the Class*

**LABATON SUCHAROW LLP**
Christopher J. Keller (*pro hac vice* forthcoming)
Eric J. Belfi (*pro hac vice* forthcoming)
Francis P. McConville (*pro hac vice*)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Proposed Lead Plaintiff
Oklahoma City Employee Retirement System and
Police Retirement System of St. Louis and
Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN DOHERTY, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>PIVOTAL SOFTWARE, INC., ROBERT MEE, and CYNTHIA GAYLOR,<br><br>    Defendants., | Case No. 3:19-cv-03589-CRB<br><br>**CLASS ACTION**<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF OKLAHOMA CITY EMPLOYEE RETIREMENT SYSTEM AND POLICE RETIREMENT SYSTEM OF ST. LOUIS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; AND IN OPPOSITION TO COMPETING MOVANTS**<br><br>**Date:** October 11, 2019<br>**Time:** 10:00 a.m.<br>**Courtroom:** 6 – 17th Floor<br>**Judge:** Charles R. Breyer |

*Caption continues on following page…*

| | |
|---|---|
| MIKEBEB M. ABERA, Individually and on Behalf of All Others Similarly Situated, | Case No. 4:19-cv-03601-HSG |
| Plaintiff, | Judge Haywood S. Gilliam, Jr. |
| v. | |
| PIVOTAL SOFTWARE, INC.; ROBERT MEE; CYNTHIA GAYLOR; PAUL MARITZ; MICHAEL S. DELL; ZANE ROWE; EGON DURBAN; WILLIAM D. GREEN; MARCY S. KLEVORN; KHOZEMA Z. SHIPCHANDLER; MORGAN STANLEY & CO. LLC; GOLDMAN SACHS & CO. LLC; CITIGROUP GLOBAL MARKETS INC.; MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED; BARCLAYS CAPITAL INC.; CREDIT SUISSE SECURITIES (USA) LLC; RBC CAPITAL MARKETS, LLC; UBS SECURITIES LLC; WELLS FARGO SECURITIES, LLC; KEYBANC CAPITAL MARKETS INC.; WILLIAM BLAIR & COMPANY, LLC; MISCHLER FINANCIAL GROUP, INC.; SAMUEL A. RAMIREZ & COMPANY, INC.; SIEBERT CISNEROS SHANK & CO.; LLC; and WILLIAMS CAPITAL GROUP, L.P., | |
| Defendants. | |
| PETER KLEINMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No. 3:19-cv-03605-RS |
| Plaintiff, | Judge Richard Seeborg |
| vs. | |
| PIVOTAL SOFTWARE, INC.; ROBERT MEE; CYNTHIA GAYLOR; PAUL MARITZ; MICHAEL S. DELL; ZANE ROWE; EGON DURBAN; WILLIAM D. GREEN; MARCY S. KLEVORN; KHOZEMA Z. SHIPCHANDLER; MORGAN STANLEY & CO. LLC; GOLDMAN SACHS & CO. LLC; CITIGROUP GLOBAL MARKETS INC.; MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED.; BARCLAYS CAPITAL INC.; CREDIT SUISSE SECURITIES (USA) LLC; RBC CAPITAL MARKETS, LLC; UBS SECURITIES LLC; WELLS FARGO SECURITIES, LLC; KEYBANC CAPITAL MARKETS INC.; WILLIAM BLAIR & COMPANY, L.L.C.; MISCHLER FINANCIAL GROUP, INC.; | |

SAMUEL A. RAMIREZ & COMPANY, INC.;
SIEBERT CISNEROS SHANK & CO., L.L.C.;
and WILLIAMS CAPITAL GROUP, L.P.,

Defendants.

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................ii

SUMMARY OF ARGUMENT ............................................................................................ 1

ARGUMENT ....................................................................................................................... 2

I.      THE PIVOTAL INVESTOR GROUP REMAINS INADEQUATE AND
        ATYPICAL.............................................................................................................. 2

        A.      The Pivotal Investor Group's Opposition Evidence Confirms The
                Group's Inadequacy ..................................................................................... 2

        B.      The Belated Joint Declaration Confirms The Lawyer-Driven
                Origins Of The Pivotal Investor Group ....................................................... 5

        C.      The Pivotal Group Must Rise And Fall Together.......................................... 6

II.     OKCERS AND ST. LOUIS POLICE ARE THE PRESUMPTIVE LEAD
        PLAINTIFF.............................................................................................................. 8

        A.      OKCERS And St. Louis Are The Cohesive Group Best Positioned
                To Oversee Litigation ................................................................................... 8

        B.      The PSLRA Favors Institutions ................................................................... 9

CONCLUSION.................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abouzied v. Applied Optoelectronics, Inc.,*
No. 4:17-CV-2399, 2018 WL 539362 (S.D. Tex. Jan. 22, 2018) ..............................................6

*In re Aqua Metals Sec. Litig.,*
No. 17-cv-07142-HSG, 2018 WL 4860188 (N.D. Cal. May 23, 2018) ...................................8

*Better v. YRC Worldwide Inc.,*
No. 11-2072-KHV, 2016 WL 1056972 (D. Kan. Mar. 14, 2016) ........................................5, 6

*Bhojwani v. Pistiolis,*
No. 06 Civ. 13761 (CM), 2007 WL 9228588 (S.D.N.Y. July 31, 2007)..................................4

*Buettgen v. Harless,*
263 F.R.D. 378 (N.D. Tex. 2009) ...........................................................................................7

*Camp v. Qualcomm Inc.,*
No. 18-cv-1208-AJB-BLM, 2019 WL 277360 (S.D. Cal. Jan. 22, 2019)................................4

*In re Cavanaugh,*
306 F.3d 726 (9th Cir. 2002) ..................................................................................................8

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.,*
No. 5:11-CV-04003-LHK, 2012 WL 78780 (N.D. Cal. Jan. 9, 2012) ....................................9

*In re Critical Path Sec. Litig.,*
156 F. Supp. 2d 1102 (N.D. Cal. 2001) ..................................................................................9

*Eichenholtz v. Verifone Holdings, Inc.,*
No. 07-06140, 2008 WL 3925289 (N.D. Cal. Aug. 22, 2008) ................................................5

*In re Enron Corp. Sec. Litig.,*
206 F.R.D. 427 (S.D. Tex. 2002)............................................................................................6

*In re Extreme Networks Inc. Sec. Litig.,*
No. 15-cv-04883-BLF, 2016 WL 3519283 (N.D. Cal. June 28, 2016)...................................9

*Garbowski v. Tokai Pharm., Inc.,*
302 F. Supp. 3d 441 (D. Mass. 2018) .....................................................................................4

*Irving Firemen's Relief & Ret. Fund v. Tesco PLC,*
No. 14 Civ. 9495 (RMB), 2015 WL 1345931 (S.D.N.Y. Mar. 19, 2015)...............................4

*Isaacs v. Musk,*
No. 18-cv-04865-EMC, 2018 WL 6182753 (N.D. Cal. Nov. 27, 2018) .................................6

*Maran v. J.C. Penney Co., Inc.*,
　　No. 6:13-CV-736, 2014 WL 11394911 (E.D. Tex., Feb. 28, 2014) ....................................6, 7

*Nager v. Websecure, Inc.*,
　　No. CIV.A. 97–10662–GAO, 1997 WL 773717 (D. Mass. Nov. 26, 1997) ...........................4

*Perlmutter v. Intuitive Surgical, Inc.*,
　　No. 10-CV-03451-LHK, 2011 WL 566814 (N.D. Cal. Feb. 15, 2011)....................................9

*Piven v. Sykes Enters., Inc.*,
　　137 F. Supp. 2d 1295 (M.D. Fla. 2000) ................................................................................10

*Ross v. Abercrombie & Fitch Co.*,
　　No. 2:05-CV-819, 2007 WL 895073 (S.D. Ohio Mar. 22, 2007)...........................................7

*Shiring v. Tier Techs. Inc.*,
　　244 F.R.D. 307 (E.D. Va. 2007) ..............................................................................................4

*Smajlaj v. Brocade Commc'ns Sys. Inc.*,
　　No. C 05-02042 CRB, 2006 WL 7348107 (N.D. Cal. Jan. 12, 2006) ................................5, 10

*Stires v. Eco Sci. Sols., Inc.*,
　　No. 17-3707(RMB/KMW), 2018 WL 5784817 (D.N.J. Feb. 14, 2018) ..................................5

*Takata v. Riot Blockchain, Inc.*,
　　No. 18-2293 (FLW) (TJB), 2018 WL 5801379 (D.N.J. Nov. 6, 2018)...............................5, 6

*In re Telxon Corp. Sec. Litig.*,
　　67 F. Supp. 2d 803 (N.D. Ohio 1999).......................................................................................7

*Tomaszewski v. Trevena, Inc.*,
　　383 F. Supp. 3d 409 (E.D. Pa. 2019) .......................................................................................4

**Rules & Statutes**

Fed. R. Civ. P. 23 ................................................................................................................................7, 8

15 U.S.C. § 78u-4 *et seq* ............................................................................................................ *passim*

**Docketed Cases**

*Gross v. AT&T Inc.*,
　　No. 19-cv-02892-VEC (S.D.N.Y. June 24, 2019) ..................................................................10

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ..................................9

OKCERS and St. Louis Police respectfully submit this reply memorandum in further support of their motion for consolidation of the above-captioned actions, appointment as Lead Plaintiff, and approval of Labaton Sucharow as Lead Counsel and WVBR LLP as Liaison Counsel for the Class[1] (ECF No. 21), and in opposition to the motion of the Pivotal Investor Group, the only other lead plaintiff movant.[2]

## SUMMARY OF ARGUMENT

OKCERS and St. Louis Police have met their *prima facie* burden of establishing that they are the presumptive Lead Plaintiff.  Indeed, they are the only remaining movant whose adequacy and typicality is unchallenged and, as a cohesive group of sophisticated institutional investors with standing to pursue all claims alleged in the Action, should be appointed Lead Plaintiff.

In order to be appointed Lead Plaintiff, the Pivotal Investor Group was required to timely present *prima facie* evidence that it is adequate to represent the Class in this Action.  It has failed to do so.  The Pivotal Investor Group's belated attempt to cure material deficiencies in the certification of one of its members does nothing but confirm that the initial certification filed by Doherty was either false when made or that counsel failed to timely inform Doherty of the allegedly expanded Class Period and additional claims alleged in the Action.  Further, the belatedly submitted joint declaration executed by the members of the Pivotal Investor Group serves only to highlight the fact that the lawyer-driven group is inadequate and atypical, and not a "group" within the meaning of the PSLRA.  Coupled with either group member's lack of standing to pursue the Section 11 claims alleged in the Action and a clear congressional and judicial preference for the appointment of sophisticated institutional investors, OKCERS and St. Louis Police should be appointed Lead Plaintiff.

---

[1] All definitions and abbreviations used herein remain unchanged from OKCERS' and St. Louis Police's previous submission before this Court.  *See* ECF No. 21.

[2] The other lead plaintiff motions were filed by: (1) Steven Doherty ("Doherty") and Tech Trader Fund LP ("Tech Trader") (together with Doherty, the "Pivotal Investor Group") (ECF No. 29); (2) Vasant Punjabi ("Punjabi") (ECF No. 11); (3) Mary Anderson ("Anderson") (ECF No. 16); and (4) Dana Penza (ECF No. 7).  Penza's motion was subsequently withdrawn on August 28, 2019.  *See* ECF No. 35.  Punjabi's and Anderson's motions were subsequently withdrawn on September 3, 2019.  *See* ECF Nos. 36, 37.

## ARGUMENT

I.    THE PIVOTAL INVESTOR GROUP REMAINS INADEQUATE AND ATYPICAL

The belated evidence submitted by the Pivotal Investor Group confirm the group's lawyer-driven genesis and raises troubling questions about the candor of its "group" members. The purported "explanation" proposed by the Pivotal Investor Group's counsel for Doherty's false certification confirms that Doherty either expressly authorized its filing or failed to authorize the filing of a complaint with a materially expanded class period and additional claims. Further, the boilerplate joint declaration submitted on behalf of Doherty and Tech Trader leaves little doubt that the members of the Pivotal Investor Group never spoke prior to the filing of their motion.  In sum, the Pivotal Investor Group's opposition evidence does nothing to cure the myriad adequacy and typicality issues plaguing the "group" and serves only to raise new and troubling questions about the candor of the "group" members and their adequacy to serve as Lead Plaintiff.

A.    The Pivotal Investor Group's Opposition Evidence Confirms The Group's Inadequacy

OKCERS and St. Louis Police have identified fatal deficiencies in both Doherty's and Tech Trader's adequacy to serve as Lead Plaintiff that the Pivotal Investor Group's opposition does nothing to address.  First, unlike OKCERS and St. Louis Police, neither member possesses standing to bring the Section 11 claims in the Action, thereby providing absolutely no justification for the Group's formation.  *See* ECF No. 39, Opp. Brief, at 5-7.  Second, Doherty is subject to unique defenses because he was a former employee of Dell EMC, the controlling shareholder of Pivotal.  *See id.* at 11-12.  Third, both Doherty and Tech Trader, given their unique trading strategies and lack of transparency, may not be able to avail themselves of the fraud-on-the-market presumption of reliance, the bedrock of securities class actions.  *See id.* at 9-11, 12.  Last, OKCERS and St. Louis Police identified material inconsistencies in Doherty's PSLRA certifications that render him unfit for the role of Lead Plaintiff.  This mandatory certification must either accompany the initial complaint, or be filed within the PSLRA's 60-day

deadline. § 78u-4(a)(2)(A), (a)(3). In the course of this litigation, Doherty has twice-filed the same PSLRA certification dated June 12, 2019: once in connection with his complaint (ECF Nos. 1-1, 1-2), and once in connection with his lead plaintiff motion (ECF No. 30-3). The trading data submitted in connection with Doherty's certifications, however, is vastly different. Specifically, the certification filed in connection with his initial complaint lists approximately 25 transactions beginning on April 1, 2019, while the certification filed in connection with his lead plaintiff motion lists nearly *400* transactions beginning back in **April 20, 2018**.[3]

To justify the unreported transactions in Doherty's first certification, his counsel has advanced, without any evidentiary support, that "[a]fter Mr. Doherty executed his Complaint Certification, the operative Class Period expanded from that contemplated by Mr. Doherty and his counsel at the time of execution. Mr. Doherty was made aware of the expanded Class Period, and accordingly provided his counsel with additional information regarding his trades within the new Class Period and reiterated his approval for the filing of a motion on his behalf for appointment as a Lead Plaintiff in this litigation." ECF No. 38, at 17. Doherty's counsel's nonsensical explanation exposes the lawyer-driven underpinnings of the Pivotal Investor Group.

The Class Period alleged in the Action was *never* expanded through the filing of any subsequent complaints. Indeed, the Class Period filed by Doherty in his initial complaint begins on April 24, 2018. Therefore, there are only two plausible readings of counsel's purported "explanation," both with devastating consequences. The first is that after consenting to "serve in a representative capacity" and providing his counsel with just three months of trading starting in April 2019, Doherty's counsel decided to expand the Class Period to allege claims in connection with Pivotal's IPO in April 2018. Then, Doherty was "made aware" of the allegedly expanded class period, yet apparently still consented to the filing of a false certification with the initial complaint in the Action. The second, and equally troubling explanation, is that Doherty was not "made aware" of the expanded Class Period and claims alleged in the initial complaint until *after* it was filed on his behalf. Both explanations go to the core of Doherty's adequacy as a lead

---

[3] The original noticed-class period in the Doherty Action was April 24, 2018 through June 4, 2019, inclusive. Therefore, Doherty still failed to account for hundreds of transactions in his initial certification.

plaintiff.  Either (1) he ***intentionally*** filed a false certification with the Court or (2) his counsel did not obtain his consent and trading history before filing a complaint that contained a drastically expanded Class Period and new claims.

Thus, the *prima facie* evidence provided by Doherty as a member of the Pivotal Investor Group confirms that Doherty ***either*** intentionally filed a false certification ***or*** completely failed to adequately supervise his chosen counsel.  Courts have disqualified lead plaintiff movants, or those movants have withdrawn themselves from consideration, for far less.  *See, e.g.*, *Camp v. Qualcomm Inc.*, No. 18-cv-1208-AJB-BLM, 2019 WL 277360, at *3–4 (S.D. Cal. Jan. 22, 2019) (denying lead plaintiff motion for "significant errors in the transaction records and loss calculations"); *Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 414–15 (E.D. Pa. 2019) (finding that errors in sworn statements "speak to a level of carelessness," and "cause[d] the Court to doubt whether [movant] possesse[d] the necessary adequacy and sophistication to be lead plaintiff"); *Irving Firemen's Relief & Ret. Fund v. Tesco PLC*, No. 14 Civ. 9495 (RMB), 2015 WL 1345931, at *3 (S.D.N.Y. Mar. 19, 2015) (denying lead plaintiff motion for discrepancies in transactions reported on certification).[4]

Counsel for Doherty counters that "any perceived deficiencies in Mr. Doherty's Motion Certification have no bearing on his adequacy, because the PSLRA contains no requirement that a lead plaintiff movant submit any shareholder certification whatsoever," and submit yet another certification on Doherty's behalf.  But this argument is completely irrelevant to the fact that Doherty is an inadequate lead plaintiff by virtue of having filed a ***false*** certification or having failed to review and authorize his counsel's filing of a complaint with a materially expanded

---

[4] *See also Garbowski v. Tokai Pharm., Inc.*, 302 F. Supp. 3d 441, 443–44 (D. Mass. 2018) (ordering additional information from individual lead plaintiff movant due to incorrect information in certification prompting withdrawal of his motion); *Shiring v. Tier Techs. Inc.*, 244 F.R.D. 307, 317 (E.D. Va. 2007) ("Plaintiff's inadvertence or his indifference to the PSLRA's certification requirements demonstrates a lack of diligence and candor that . . . counsel against a finding of adequacy"); *Nager v. Websecure, Inc.*, No. CIV.A. 97–10662–GAO, 1997 WL 773717, at *1 n.1 (D. Mass. Nov. 26, 1997) (finding that "inaccuracy [in movant's affidavit] may be explainable, but it casts sufficient doubt on [movant's] adequacy as a representative plaintiff that he should be excluded" from serving as lead plaintiff); *Bhojwani v. Pistiolis*, No. 06 Civ. 13761 (CM) (NKF), 2007 WL 9228588, at *3 (S.D.N.Y. July 31, 2007) ("However, the fact that the data still do not quite add up . . . undermines the adequacy of Mr. Cole (and his associated group) as a lead plaintiff.").

class period and new claims.  Further, Doherty's third certification declares that he has "reviewed a Complaint" against Pivotal, but fails to even specify which complaint he reviewed. This deliberate ambiguity makes it highly plausible that Doherty has *never* reviewed *any* of the filed complaints in the Action.  In sum, the Pivotal Investor Group's opposition evidence does nothing to cure the group's inadequacy and serves only to raise new and troubling questions about the candor of the group's proposed counsel.

### B.    The Belated Joint Declaration Confirms The Lawyer-Driven Origins Of The Pivotal Investor Group

With its opposition papers, the Pivotal Investor Group has submitted a barebones joint declaration that confirms both the group's lawyer-driven origins and the inadequacy of its group members.  Indeed, the declaration by two geographically disparate and unrelated group members concedes that the members of the Pivotal Investor Group are "aware of each other and approved the filing of a Lead Plaintiff motion as a group seeking appointment jointly as lead plaintiffs." This statement confirms that the Pivotal Investor Group is not a "group" within the meaning of the PSLRA and that its motion for appointment as Lead Plaintiff should be denied.  *See Smajlaj v. Brocade Commc'ns Sys. Inc.*, No. C 05-02042 CRB, 2006 WL 7348107, at *3 (N.D. Cal. Jan. 12, 2006); *Eichenholtz v. Verifone Holdings, Inc.*, No. 07-06140, 2008 WL 3925289, at *9 (N.D. Cal. Aug. 22, 2008) (rejecting proposed group, in part, because it was "unclear whether the entities that comprise this group were related prior to the litigation"); *Takata v. Riot Blockchain, Inc.*, No. 18-2293 (FLW) (TJB), 2018 WL 5801379, at *5 (D.N.J. Nov. 6, 2018) (noting that failure to include any facts in moving brief detailing the relationship between the plaintiffs that comprise the group "could . . . be a basis for denying lead plaintiff status."); *Stires v. Eco Sci. Sols., Inc.*, No. 17-3707(RMB/KMW), 2018 WL 5784817, at *5 (D.N.J. Feb. 14, 2018).

Indeed, courts routinely question the integrity of a group whose members have never spoken.[5]  *See Better v. YRC Worldwide Inc.*, No. 11-2072-KHV, 2016 WL 1056972, at *12 (D.

---

[5] The only evidence of any contact between Tech Trader and Doherty presented by counsel for the Pivotal Investor Group is the unsupported and temporally untethered assertion that they have "communicated."  The deliberate omission of *when* the alleged "communication" occurred suggests that it the members of the Pivotal Investor Group have never spoken and that it was not

Kan. Mar. 14, 2016) ("The Court is also troubled by Alexiou's statements that he does not know and has never talked with other members of YRC Investors Group. . . .  [This] leaves the Court to question whether they are simply lending their names to a suit controlled entirely by class counsel.").  And, with language identical to that employed by the Pivotal Investor Group here noting that they were "aware of each other," courts have found similar geographically disparate lead plaintiff groups inadequate.  *See Takata v. Riot Blockchain, Inc.*, 2018 WL 5801379, at *5 (denying motion where "the joint declaration seems to confirm that the members of the group had never communicated before their counsel submitted the joint motion on their behalf, merely stating that the members "were aware of each other" prior to the motion.").

Accordingly, the Pivotal Investor Group's untimely joint declaration does nothing but underscore the group's lawyer-driven origins and should be disregarded.

### C.    The Pivotal Group Must Rise And Fall Together

Doherty and Tech Trader expressly declared that they "approved the filing of a Lead Plaintiff Motion as a group seeking appointment jointly as lead plaintiffs."  *See* ECF No. 38-2. They must be held to this commitment.  "The [PSLRA] is unequivocal and imposes precise time requirements."  *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 439–40 (S.D. Tex. 2002) (citing *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999)).  Because no member of the Pivotal Investor Group "has moved for appointment as sole-lead plaintiff . . . the Court [can only] consider the motion of the collective group."  *Abouzied v. Applied Optoelectronics, Inc.*, No. 4:17-CV-2399, 2018 WL 539362, at *5 (S.D. Tex. Jan. 22, 2018).

On this point, "courts view with suspicion the hand-picking of group members to serve as sole-lead plaintiff."  *Id.*  And any subsequent attempt to segment the group only underscores the artificial nature of the group's origin.  *See, e.g.*, *Isaacs v. Musk*, No. 18-cv-04865-EMC, 2018 WL 6182753, at *3 (N.D. Cal. Nov. 27, 2018) (segmentation "suggests that the group is artificial and should not have been brought in the first place").  Accordingly, the Pivotal Investor Group's consideration for appointment as lead plaintiff must "rise[] and fall[] with the group."  *Maran v.*

until ***after*** Doherty and Tech Trader filed a joint motion for lead plaintiff that they bothered to "communicate[]", further underscoring the lawyer-driven nature of the purported "group."

*J.C. Penney Co., Inc.*, No. 6:13-CV-736, 2014 WL 11394911, at *6 (E.D. Tex., Feb. 28, 2014). Given the terminal adequacy and typicality issues plaguing Doherty, it is unsurprising that counsel for the Pivotal Investor Group has attempted to jettison Doherty from the group without his apparent consent.  But this desperate attempt by counsel to salvage a leadership position for itself in the Action, without any evidence of consent from either Doherty or Tech Trader, does nothing but underscore the lawyer-driven origins of the Pivotal Investor Group, and demands denial of its motion *in toto*.

Moreover, as neither Tech Trader nor Doherty has filed an individual motion for appointment as lead plaintiff, any request to evaluate them separately would be untimely. Indeed, allowing for such a drastic modification would controvert the strict procedural requirements set forth by the PSLRA.  *See In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999) ("The plain language of the statute precludes consideration of a financial loss asserted for the first time in a complaint, or any other pleading, for that, matter, filed after the sixty (60) day window . . . ."); *Buettgen v. Harless*, 263 F.R.D. 378, 382 (N.D. Tex. 2009) (The "motion is undermined by the group's invitation to the Court to hand-pick one of its constituents to serve as lead plaintiff . . . .  Such a 'willingness to abandon the group only suggests how loosely it was put together.'") (quoting *Tsirekidze v. Syntax-Brillian Corp.*, No. 07-2204-PHX-FJM, 2008 WL 942273, at *4 (D. Ariz. Apr. 4, 2008) (rejecting group's suggestion that court "pluck one of its top-two constituents to serve as lead plaintiff")).

Because "[t]here is no requirement in the [PSLRA] that the Court realign a proposed group to cure a deficiency in adequacy of representation," *Ross v. Abercrombie & Fitch Co.*, No. 2:05-CV-819, 2007 WL 895073, at *4 (S.D. Ohio Mar. 22, 2007), the Court here should decline to exercise its dissection to pick among the members of a group who cannot demonstrate the requisite elements to either be recognized as a movant group or satisfy the requirements of Rule 23.

## II.    OKCERS AND ST. LOUIS POLICE ARE THE PRESUMPTIVE LEAD PLAINTIFF

OKCERS and St. Louis Police have the largest financial interest while also satisfying the adequacy and typicality requirements of Rule 23.  Therefore, under the "sequential" lead plaintiff process adopted by this Circuit, they are the presumptive lead plaintiff and entitled to appointment.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest.").

### A.    OKCERS And St. Louis Are The Cohesive Group Best Positioned To Oversee Litigation

OKCERS and St. Louis Police are precisely the type of sophisticated, experienced, and transparent institutional investors that Congress intended to lead securities class actions.  Both institutions fully understand their obligations to the Class under the PSLRA, and are willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this Action.  And, unlike the Pivotal Investor Group, ***prior*** to seeking a role as Lead Plaintiff, representatives of OKCERS and St. Louis Police held a joint conference call on August 19, 2019, to discuss the merits of the claims alleged, their standing to pursue those claims, the significant losses the funds incurred, and the funds' common goals in maximizing recovery for all Pivotal investors.

In contrast to the Pivotal Investor Group, OKCERS and St. Louis Police are a cohesive group within the meaning of the PSLRA and have submitted *prima facie* evidence in the form of a joint declaration confirming this fact.  See ECF No. 22-4.  Therein, OKCERS and St. Louis Police explain (1) their understanding of the requirements and duties of a lead plaintiff under the PSLRA, (2) their belief that the case should be prosecuted as a group with standing to pursue **both** the Securities Act and Exchange Act claims alleged in the Action, (3) their independent decision to seek appointment as Lead Plaintiff and desire to jointly prosecute the Action, (4) the measures they have taken to discuss joint prosecution of the Action, with or without counsel, (5) their selection of proposed Lead Counsel, and (6) the mechanism for resolving potential

disagreements.  *See In re Aqua Metals Sec. Litig.*, No. 17-cv-07142-HSG, 2018 WL 4860188, at *4 (N.D. Cal. May 23, 2018) (appointing group of investors based off of joint declaration which set forth decision-making and communication procedures, as well as a stated commitment to participate in litigation).  Consistent with these responsibilities and in furtherance of their fiduciary duty to the Class, representatives from OKCERS and St. Louis Police remain available at the Court's request to answer any additional questions the Court may have.

### B.    The PSLRA Favors Institutions

Counsel for the Pivotal Investor Group next argues that the PSLRA does not privilege institutional investors over retail investors and that this Court should not appoint OKCERS and St. Louis Police as Lead Plaintiff simply because they are a group of sophisticated institutional investors with experience litigating securities class actions.  This is true.  But judicial interpretations of the PSLRA, as counsel for the Pivotal Investor Group readily concedes, recognize a strong preference for institutional investors to serve as lead plaintiff, and the PSLRA itself was drafted with the intent of encouraging sophisticated institutional investors to seek appointment as Lead Plaintiff.  *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."); *see also In re Extreme Networks Inc. Sec. Litig.*, No. 15-cv-04883-BLF, 2016 WL 3519283, at *6 (N.D. Cal. June 28, 2016) (same).

To this end, many courts, including courts in this District, have recognized that the legislative history reflects a clear preference for institutional investors to be appointed as lead plaintiff in securities class actions.  *See Perlmutter v. Intuitive Surgical, Inc*., No. 10-CV-03451-LHK, 2011 WL 566814, at *13 (N.D. Cal. Feb. 15, 2011) ("appoint[ing] an institutional investor . . . comports with the PSLRA's goal to increase the likelihood that institutional investors would serve as lead plaintiffs"); *In re Critical Path Sec. Litig.*, 156 F. Supp. 2d 1102, 1112 (N.D. Cal. 2001) (appointing single institutional investor instead of aggregating losses with proposed co-lead plaintiff individual, noting Congressional preference for institutional investors).

Courts in the Ninth Circuit routinely appoint transparent, cohesive groups of institutional investors like OKCERS and St. Louis Police that have "demonstrated they will vigorously prosecute the action on behalf of the class." *See City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 5:11-CV-04003-LHK, 2012 WL 78780, at *5 (N.D. Cal. Jan. 9, 2012). This factor weighs heavily in favor here of the appointment of OKCERS and St. Louis Police over the opaque, inadequate, atypical, and disinterested members of the Pivotal Investor Group who have demonstrated their inability to control their counsel and direct this litigation. *See Gross v. AT&T Inc.*, No. 19-cv-02892-VEC, ECF No. 53, at 3 (S.D.N.Y. June 24, 2019) ("While the Court agrees with Pro-Alpha that mere speculation is not enough to disqualify a prospective lead plaintiff, it is an undisputed fact that Pro-Alpha has failed to provide any information, beyond the name of a director, as to its business, management, structure, or its experience with securities litigation."); *Piven v. Sykes Enters., Inc.*, 137 F. Supp. 2d 1295, 1305-06 (M.D. Fla. 2000) (questioning "vigor with which [the Movant] intends to prosecute these claims" when "[t]here is a dearth of information regarding [the Movant] in the record")).

Finally, unlike the Pivotal Investor Group, OKCERS and St. Louis Police have standing to pursue the Section 11 claims alleged in the Action, a fact that militates heavily in favor of the group's appointment. *See AT&T Inc.*, ECF No. 53, at 4 ("The addition of Steamfitters as co-lead plaintiff better serves the overall interests of the purported class because Steamfitters, unlike the Investor Group, allegedly acquired AT&T shares as a result of AT&T's misleading registration statement and is therefore able to assert claims under the Securities Act.").

## CONCLUSION

The Pivotal Investor Group is a lawyer-driven assemblage that contravenes the core mission of the PSLRA to place the "selection" of counsel and control of litigation in the hands of investors that will competently oversee the litigation. Indeed, ***all*** of the scant evidence submitted by the Pivotal Investor Group suggests that its members have no pre-existing relationship, have never spoken, and that they were selected and improperly grouped by their counsel for the sole purpose of securing a leadership role in this action. Coupled with Doherty's failure to supervise his counsel or his filing of a false certification with the Court, these facts lead to one inescapable

conclusion that this Court has reached under similar circumstances: the Pivotal Investor Group is not a "group" within the meaning of the PSLRA.  *See Brocade Commc'ns Sys. Inc.*, 2006 WL 7348107, at *3 (finding that "a group of two unrelated individuals" did not "qualify as a 'group' under the PSLRA").  Further, given the group's lack of standing to pursue the Securities Act claims, even if the Court were to reach the unlikely conclusion that the Pivotal Investor Group is an adequate lead plaintiff, class certification in the Action would require the addition of yet *another* plaintiff with standing to pursue the Securities Act claims.  This is an unworkable and inefficient result that is unlikely to benefit the proposed Class.

Having expressly made their motion only as part of a group, the Court should not entertain the desperate request by the Pivotal Investor Group's counsel to jettison Doherty and elevate Tech Trader, an opaque, atypical, and admittedly disinterested investor without standing to pursue the Securities Act claims.  The only tenable result here to ensure vigorous prosecution of the Action is to appoint OKCERS and St. Louis Police as Lead Plaintiff, the only remaining adequate and typical lead plaintiff movants.

DATED:  September 10, 2019                    Respectfully submitted,

/s/ James M. Wagstaffe

James M. Wagstaffe (#95535)
Frank Busch (#258288)
**WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK, LLP**
100 Pine Street, Suite 725
San Francisco, California 94111
Telephone: (415) 357-8900
Facsimile: (415) 357-8910
wagstaffe@wvbrlaw.com
busch@wvbrlaw.com

*Proposed Liaison Counsel for the Class*

**LABATON SUCHAROW LLP**
Christopher J. Keller (*pro hac vice* forthcoming)
Eric J. Belfi (*pro hac vice* forthcoming)
Francis P. McConville (*pro hac vice*)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Proposed Lead Plaintiff Oklahoma City Employee Retirement System and Police Retirement System of St. Louis and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 10, 2019, I was authorized to electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

/s/ *James M. Wagstaffe*
James M. Wagstaffe