JORDAN ETH (CA SBN 121617)
JEth@mofo.com
MARK R.S. FOSTER (CA SBN 223682)
MFoster@mofo.com
ROBERT L. CORTEZ WEBB (CA SBN 274742)
RWebb@mofo.com
KAREN LEUNG (CA SBN 323029)
KLeung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants Pivotal Software, Inc.,
Cynthia Gaylor, Egon Durban, Khozema Z.
Shipchandler, Marcy S. Klevorn, Michael Dell,
Paul Maritz, Robert Mee, and William D. Green

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE PIVOTAL SECURITIES LITIGATION | Master File No. 3:19-cv-03589-CRB<br><br>PIVOTAL DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED INTO COMPLAINT AND FOR JUDICIAL NOTICE<br><br>Date:        July 17, 2020<br>Time:       10:00 a.m.<br>Judge:      Hon. Charles R. Breyer<br>Courtroom: 6—17th Floor |

Defendants have moved to dismiss Plaintiffs' Consolidated Amended Class Action Complaint, Dkt. No. 75 (the "Complaint"). In support of their Motion, Defendants request that this Court consider documents incorporated by reference in the Complaint and take judicial notice of certain documents attached as exhibits to the Declaration of Robert L. Cortez Webb (the "Webb Declaration").

**ARGUMENT**

When ruling on a motion to dismiss a securities fraud complaint, "courts must consider the Complaint in its entirety," including "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Metzler Inv. GmbH v. Corinthian Colls., Inc*., 540 F.3d 1049, 1055 n.1, 1064 n.7 (9th Cir. 2008). "If a complaint cites to a document not actually attached as an exhibit, the court may still treat that document as part of the pleading for purposes of evaluating a motion to dismiss." *Philco Invs., Ltd. v. Martin*, No. C 10-02785 CRB, 2011 WL 4595247, at *7 n.9 (N.D. Cal. Oct. 4, 2011) (citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)).

A court must also consider "matters of which a court may take judicial notice." *Tellabs*, 551 U.S. at 322. Federal Rule of Evidence 201 authorizes judicial notice of facts that are "readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).

**Exhibits 1 through 21** to the Webb Declaration meet one or more of the foregoing standards, as discussed below. Accordingly, this Court should consider these documents when ruling on Defendants' Motion to Dismiss. *Tellabs*, 551 U.S. at 322; *see also* Fed. R. Evid. 201(c)(2) (stating a court "must take judicial notice if a party requests it and the court is supplied with the necessary information").

**I.     THE COURT SHOULD CONSIDER DOCUMENTS REFERENCED IN THE COMPLAINT.**

The Court must consider documents incorporated by reference in the Complaint. *Tellabs*, 551 U.S. at 322. While a mere mention of a document is not sufficient, a document is incorporated into a complaint if the document is referred to extensively. *Khoja v. Orexigen*

*Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  Separately, a document may be incorporated by reference into a complaint even if the complaint does not mention the document at all.  *Id.*  Where a claim necessarily depends on the contents of a document, that document is properly incorporated by reference into the complaint whether mentioned in the complaint or not.  *Id*.  "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents."  *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014).

Further, the Ninth Circuit and Supreme Court have cautioned that alleged misstatements "must be analyzed in context."  *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4, 1408 (9th Cir. 1996).  Plaintiffs must demonstrate that a factual omission would cause a reasonable person to be misled if the alleged misstatements are read "fairly and in context," i.e., "in light of all [their] surrounding text, including hedges, disclaimers, and apparently conflicting information," as well as "the customs and practices of the relevant industry."  *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 190, 194 (2015).  For this additional reason, documents purported to contain false or misleading statements must necessarily be considered in full by a court determining a motion to dismiss a securities class action.

Plaintiffs cite and refer to Exhibits 1, 2, 5, 12, 15, 16, 17, 18, 19, 20, and 21 to support their arguments in the Complaint.  The challenged statements are excerpted from (1) Pivotal's Registration Statement, (2) Pivotal's Q1 2019, Q2 2019, Q3 2019, Q4 2019, and Q1 2020 Earnings Conference Calls, (3) the RBC Analyst Report dated May 15, 2018, (4) Pivotal's Form 10-Q as filed with the SEC on June 14, 2018, (5) Pivotal's Form 8-K as filed with the SEC on March 14, 2019, (6) Pivotal's Form 10-K as filed with the SEC on March 29, 2019, and (7) Pivotal's Company Conference Presentation dated January 8, 2019.

Accordingly, the Court should consider the contents of the documents attached as **Exhibits 1, 2, 5, 12, 15, 16, 17, 18, 19, 20, and 21** to the Webb Declaration, all of which are incorporated by reference in the Complaint, as summarized in the following table.

| Ex. | Description | Complaint ¶ |
|---|---|---|
| 1 | Pivotal's Form 424B4, filed on April 20, 2018. | 8, 31, 59, 67, 150-161, 166-167 |
| 2 | Pivotal's Form 10-Q for the quarterly period ended May 4, 2018, as filed with the SEC on June 14, 2018. | 68-69 |
| 5 | Pivotal's Form 10-K for the year ended February 1, 2019, as filed with the SEC on March 29, 2019. | 287-288 |
| 12 | Pivotal's Form 8-K as filed with the SEC on March 14, 2019. | 268-269 |
| 15 | Transcript entitled "Q1 2019 Earnings Call," from S&P Global, dated June 12, 2018. | 15(a)-(b), 66, 228-233 |
| 16 | Transcript entitled "Q2 2019 Earnings Call," from S&P Global, dated September 12, 2018. | 15(d)-(e), 240-248 |
| 17 | Transcript entitled "Q3 2019 Earnings Call," from S&P Global, dated December 11, 2018. | 15(f), 41, 63, 88, 254-259 |
| 18 | Transcript entitled "Company Conference Presentation" at the Citigroup TMT West Conference, dated January 8, 2019. | 15(g), 71, 264-266 |
| 19 | Transcript entitled "Q4 2019 Earnings Call," from S&P Global, dated March 14, 2019. | 15(h)-(j), 174-175, 270-280, 294-295 |
| 20 | Transcript entitled "Q1 2020 Earnings Call," from S&P Global, dated June 4, 2019. | 63, 176-181, 296-304, 317 |
| 21 | RBC Analyst Report dated May 15, 2018. | 60, 164 |

## II.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF PIVOTAL'S SEC FILINGS.

The Court may also take judicial notice of the contents of Pivotal's SEC filings. The Ninth Circuit has held that it is appropriate to take judicial notice of SEC filings when ruling on a motion to dismiss. *See Metzler,* 540 F.3d at 1064 & n.7 (holding it is proper to take judicial notice of SEC filings); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 (9th Cir. 2006) (same).

Because SEC filings are publically available, the Court can take judicial notice that the information was disclosed to the market. *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999); *Metzler*, 540 F.3d at 1064 n.7; *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979-80 (N.D. Cal. 2010).

**Exhibit 3** is Pivotal's Form 10-Q for the quarterly period ended August 3, 2018, as filed with the SEC on September 13, 2018.

**Exhibit 4** is Pivotal's Form 10-Q for the quarterly period ended November 2, 2018, as filed with the SEC on December 10, 2018.

**Exhibit 6** is Pivotal's Form 10-Q for the quarterly period ended May 3, 2019, as filed with the SEC on June 10, 2019.

**Exhibit 7** is Pivotal's Form 10-Q for the quarterly period ended August 2, 2019, as filed with the SEC on September 5, 2019.

**Exhibit 8** is Pivotal's Form 10-Q for the quarterly period ended November 1, 2019, as filed with the SEC on December 6, 2019.

**Exhibit 9** is Pivotal's Form 8-K as filed with the SEC on June 12, 2018.

**Exhibit 10** is Pivotal's Form 8-K as filed with the SEC on September 12, 2018.

**Exhibit 11** is Pivotal's Form 8-K as filed with the SEC on December 11, 2018.

**Exhibit 13** is Pivotal's Form 8-K as filed with the SEC on June 4, 2019.

**Exhibit 14** is Pivotal's Form 8-K as filed with the SEC on September 4, 2019.

Accordingly, the Court should take judicial notice of the SEC filings attached as **Exhibits 3, 4, 6, 7, 8, 9, 10, 11, 13, and 14** to the Webb Declaration.[1]

Dated: March 27, 2020                           MORRISON & FOERSTER LLP

                                                By:  */s/ Mark R.S. Foster*
                                                     Attorneys for the Pivotal Defendants

---

[1] In addition to being incorporated by reference in the Complaint (*see* Part I), **Exhibits 1, 2, 5, and 12** are also subject to judicial notice because each document was filed with the SEC.